UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ALICIA MARIE RICHARDS,<br><br>Debtor. | Case No. 8:22-cv-01951-SB<br>Case No. 8:22-cv-02182-SB<br>Case No. 8:22-cv-02183-SB<br><br>ORDER AFFIRMING<br>BANKRUPTCY COURT ORDERS<br><br>Bankruptcy No. 8:21-bk-10635-SC |

These three cases are appeals in the ongoing Chapter 7 bankruptcy proceedings of Debtor Alicia Marie Richards.[1] Debtor is an Appellant in all three cases and is occasionally joined by her father, Lawrence Remsen. In the first case, Appellants appeal the bankruptcy court's denial of their motion to amend the sale and turnover orders after Debtor had appealed those orders (Case No. 8:22-cv-02182-SB, Motion to Amend Appeal). In the second case, Appellants challenge the bankruptcy court's denial of a motion to amend an order authorizing the Chapter 7 Trustee to either hold in trust or interplead with a state family court half of the homestead exemption proceeds pending a determination of entitlement to the proceeds by a state court (Case No. 8:22-cv-01951-SB, Interpleader Appeal). In the third case, Debtor challenges the bankruptcy court's order requiring her to turn over her portion of the homestead exemption proceeds for failure to reinvest them as required in an eligible dwelling within six months (Case No. 8:22-cv-02183-SB, Homestead Turnover Appeal). For the reasons below, the bankruptcy court's orders are affirmed.

---

[1] Debtor objects to the bankruptcy court's exercise of personal jurisdiction over her. Debtor's filing of a voluntary bankruptcy petition confers jurisdiction. *In re Sasson*, 424 F.3d 864, 870 (9th Cir. 2005) ("The debtor invoked bankruptcy court subject matter and *in personam* jurisdiction by filing a voluntary petition in bankruptcy.").

1

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

During acrimonious divorce proceedings in state court, Debtor filed for Chapter 7 bankruptcy on March 12, 2021. Interpleader Appeal, Dkt. No. 34-2.[2] In her initial bankruptcy schedules, Debtor disclosed an interest, including a homestead exemption, in real property in Newport Beach, California. *Id*. This real property, which had been the marital residence of Debtor and her ex-husband and which the Debtor had identified as community property, is the primary asset of the bankruptcy estate. On July 7, 2021, the bankruptcy court lifted the automatic stay on Debtor's divorce proceedings, except as to "matters related to the sale of the subject Newport Beach real property and/or the eviction of Debtor from the property." Interpleader Appeal, Dkt. No. 34-9.

The Trustee moved for the turnover and sale of the home under 11 U.S.C. § 363. Motion to Amend Appeal, Dkt. Nos. 26-2, 26-5. Over Appellants' objections, the bankruptcy court granted the motion and entered a sale order that was later amended. Motion to Amend Appeal, Dkt. Nos. 26-25, 26-37, 26-29. Debtor filed an ex parte application to stay the turnover and sale orders, Interpleader Appeal, Dkt. No. 34-19, which the bankruptcy court denied, Interpleader Appeal, Dkt. No. 34-22. Appellants filed notices of appeal of the turnover and sale orders. Approximately eight months later, while the appeals were pending, Appellants filed a motion to amend the turnover and sale orders. Motion to Amend Appeal, Dkt. No. 26-40. In the motion, Debtor challenged the bankruptcy court's jurisdiction over the property, asserting that it was not part of the bankruptcy estate. *See id*. Debtor further argued that the bankruptcy court could not make rulings affecting the property due to the pending appeal in the related family law case. *Id.* at SER001182. In light of the Debtor's appeal of the turnover and sale orders, the bankruptcy court denied the motion for lack of jurisdiction. Motion to Amend Appeal, Dkt. Nos. 26-45, 26-48. The bankruptcy court's denial order is the subject of the Motion to Amend Appeal.

Despite the bankruptcy court order, Debtor did not turn over the home to the Trustee, which led to the Marshals removing Debtor from the home. Motion to

---

[2] The Court relies on the appendices submitted by the Trustee in each of these appeals. For ease of reference, the Court identifies the docket where a document can be located and the relevant docket number. Where documents have been filed in multiple appeals, the Court cites to one of them.

Amend Appeal, Dkt. No. 26-38. Following a bankruptcy court auction, the home was sold. Interpleader Appeal, Dkt. No. 34-26.

Half of the $600,000 from the homestead exemption was given to Debtor. After she failed to reinvest the funds in an eligible dwelling as required under California law, the Trustee moved for turnover of the funds. Homestead Turnover Appeal, Dkt. No. 33-65. The bankruptcy court ordered Debtor to turn over $300,000 (the Homestead Turnover Order). Homestead Turnover Appeal, Dkt. No. 33-75. The bankruptcy court also entered a separate judgment in the amount of $300,000 to compensate the Trustee for any dissipated estate funds and issued findings of fact and conclusions of law. Homestead Turnover Appeal, Dkt. Nos. 33-76, 33-77. The Homestead Turnover Order, judgment, and findings of fact and conclusions of law are at issue in the Homestead Turnover Appeal.

Separately, Debtor's ex-husband filed a claim for half of the homestead exemption funds pursuant to the state court's divorce judgment. Interpleader Appeal, Dkt. No. 34-23. Debtor objected. Interpleader Appeal, Dkt. No. 34-24. The Trustee filed a motion for an order authorizing him to either disburse half of the homestead exemption proceeds to Debtor's ex-husband or interplead those proceeds with the state family law court. Interpleader Appeal, Dkt. No. 34-27. Debtor's ex-husband joined in the motion. Interpleader Appeal, Dkt. No. 34-29. Debtor opposed the motion and claimed that she was entitled to those funds. Interpleader Appeal, Dkt. Nos. 34-30, 34-31, 34-32, 34-33. Debtor moved for an order authorizing the Trustee to pay her the disputed funds, which the bankruptcy court denied. Interpleader Appeal, Dkt. No. 34-40; Homestead Turnover Appeal, Dkt. No. 33-74. The denial of that motion is at issue in the Homestead Turnover Appeal. The bankruptcy court entered the Interpleader Order, which authorized the Trustee to either interplead the disputed funds or hold them in a segregated account pending resolution of the dispute in state court. Interpleader Appeal, Dkt. No. 34-43. Debtor moved to amend the Interpleader Order, which the bankruptcy court denied. Interpleader Appeal, Dkt. Nos. 34-44, 34-52, 34-53. The bankruptcy court's denial of the motion to amend the Interpleader Order is the subject of the Interpleader Appeal.

Appellants timely appealed the orders at issue in these cases. Motion to Amend Appeal, Dkt. No. 1; Interpleader Appeal, Dkt. No. 1; Homestead Turnover Appeal, Dkt. No. 1; Fed. R. Bankr. P. 8002. The Court ordered joint briefing for these cases, which are fully briefed. Motion to Amend Appeal, Dkt. Nos. 19, 27, 36.

## II. STANDARD OF REVIEW

This Court has jurisdiction under 28 U.S.C. § 158(a)(1). District courts review bankruptcy court decisions as appellate courts, applying the same standards of review as federal courts of appeal. *In re Guadarrama*, 284 B.R. 463, 468 (C.D. Cal. 2002).

On the Motion to Amend Appeal, the review of a lower court's jurisdictional determination is de novo. *Phillips v. Gilman (In re Gilman)*, 887 F.3d 956, 961 (9th Cir. 2018). The review in the Interpleader Appeal is for an abuse of discretion.[3] *Kaufmann v. Kijakazi*, 32 F.4th 843, 847 (9th Cir. 2022). Reversal under this standard requires "a definite and firm conviction that the [lower] court committed a clear error of judgment after weighing the relevant factors." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). A lower court abuses its discretion if it applied an incorrect legal rule or if it applied the correct legal rule in a way that was illogical, implausible, or without record support. *United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009). As to the Homestead Turnover Appeal, the bankruptcy court's findings of fact are reviewed for clear error and its conclusions of law are reviewed de novo. *In re Jacobson*, 676 F.3d 1193, 1198 (9th Cir. 2012).

## III. THE THREE APPEALS

As discussed, Appellants have appealed from three separate sets of rulings made by the bankruptcy court. Each appeal will be addressed in turn.

### A. The Motion to Amend Appeal

Appellants first challenge the bankruptcy court's order denying Appellants' motion to amend the court's turnover and sale orders. The bankruptcy court denied the motion because it found that it lacked jurisdiction in light of Appellants' appeal of those orders.

---

[3] Appellants confusingly and incorrectly state that "the standard of review in this matter is a missed standard of review to be reviewed de novo." *Id*. at 31. The correct standard is abuse of discretion. *Maraziti v. Thorpe*, 52 F.3d 252, 253 (9th Cir. 1995) (abuse-of-discretion standard applicable to appeal of a Rule 59 or Rule 60 motion).

The bankruptcy court entered the turnover and sale orders on November 29, 2021, and amended them on November 30. Motion to Amend Appeal, Dkt. Nos. 26-25 & 26-29. Debtor appealed the turnover and sale orders to the Bankruptcy Appellate Panel (BAP) on December 3.[4] Remsen filed a notice of appeal of the sale order on December 8 and a notice of appeal of the turnover order on December 9.

The bankruptcy court correctly concluded that it lacked jurisdiction to consider the motion to amend the sale and turnover orders filed while the appeal was pending. "Even though a bankruptcy court has wide latitude to reconsider and vacate its own prior decisions, not even a bankruptcy court may vacate or modify an order while on appeal." *In re Bialac*, 694 F.2d 625, 627 (9th Cir. 1982). The filing of a notice of appeal divests a lower court of jurisdiction over the appeal's subject matter. *In re Sherman*, 491 F.3d 948, 967 (9th Cir. 2007). A bankruptcy court may continue "to implement or enforce the judgment or order, although it may not alter or expand upon the judgment." *Id*. (cleaned up). Because the motion to amend challenged the validity of the turnover and sale orders—the central issue on appeal—the bankruptcy court lacked jurisdiction to revisit its prior rulings.

By the time Appellants decided to file their motion to amend, the appeal was well underway and their untimely motion to amend did not toll the appeal. To be timely, a motion to amend an order must be filed within 14 days of entry of the challenged order. *See id*. 8002(b)(1) (requiring a party to file a motion "within the time allowed by" the Federal Rules of Bankruptcy Procedure and incorporating rules with a 14-day filing deadline). A timely filed motion to amend an order tolls the deadline to file a notice of appeal and causes the notice of appeal to "become[] effective when the order disposing of the last such remaining motion is entered." Fed. R. Bankr. P. 8002(b)(1)–(b)(2).

Appellants did not file a timely motion to amend. Their motion was filed on August 10, 2022 (Motion to Amend Appeal, Ex. 40)—long after the 14-day period. *See* Fed. R. Bankr. P. 8002(b)(1). As a result, this untimely motion did not toll or suspend the appeal so as to return jurisdiction to the bankruptcy court. *See Maxwell v. Kaylor*, Case No. 19-cv-07832, 2021 WL 3604652, at *1 (N.D. Cal. Aug. 13, 2021) (Koh, J.) (finding that an untimely motion to amend a judgment

---

[4] The Court sua sponte takes judicial notice of the electronically available dockets of Debtor's other cases. Fed. R. Evid. 201; *see Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001) (judicial notice may be taken of matters of public record).

filed after a notice of appeal is ineffective to revive a lower court's jurisdiction to reconsider the judgment on appeal in a civil case). When the motion to amend was filed, the appeal had been pending for many months and jurisdiction rested with the BAP and subsequently with the Ninth Circuit when the BAP decision was appealed. The appeals of the sale order were not resolved until November 7, 2022. (Case Nos. 21-01262 & 21-01266 (B.A.P. 9th Cir.)). Although the appeals of the turnover order were dismissed as moot on June 29, 2022 (Case Nos. 21-01263 & 21-01267 (B.A.P. 9th Cir.)), further appeals to the Ninth Circuit were filed on July 21, 2022 (*e.g.* Case No. 21-01263 (B.A.P. 9th Cir.), Dkt. No. 37).

In short, the appeals of the sale and turnover orders divested the bankruptcy court of jurisdiction to consider the untimely motion to amend those orders. *See Sherman*, 491 F.3d at 967 (concluding that the bankruptcy court lacked jurisdiction "over those aspects of the case involved in the appeal"); *In re Padilla*, 222 F.3d 1184, 1190 (9th Cir. 2000) (finding that a bankruptcy court's discharge order was void in light of the filing of a notice of appeal that was effective to divest the bankruptcy court of jurisdiction to grant the debtor a discharge).[5] The bankruptcy court's actions were also consistent with the Federal Rules of Bankruptcy Procedure, which provides for the denial of a motion when a bankruptcy court lacks the authority to grant it because of a pending appeal. *See* Fed. R. Bankr. P. 8008. This rule applies to the filing of motions to amend or to obtain relief from bankruptcy court orders. *Id.* 9023 (applying Rule 8008 to Rule 59 motions); 9024 (applying Rule 8008 to Rule 60 motions). Thus, the Court affirms the bankruptcy court's denial of Appellants' motion to amend the turnover and sale orders.[6]

### B. The Interpleader Appeal

Before considering the merits of the Interpleader Appeal, the Court considers the Trustee's jurisdictional claim that the appeal is moot because the disputed homestead funds have been disbursed to Debtor's ex-husband and reinvested in a new home.

---

[5] Debtor is aware of the jurisdictional impediment that may be posed by an appeal, as she has argued that the bankruptcy court lacked "jurisdiction to modify, alter or amend the . . . turnover order" when opposing the Trustee's efforts to remove Debtor from her home. Motion to Amend Appeal, Dkt. No. 26-32, SER 1009.

[6] Appellants advance other arguments that overlook this dispositive jurisdictional point and address questions not relevant to this appeal (i.e., the merits of her position that the bankruptcy court lacked jurisdiction over the home).

Federal courts have limited jurisdiction. Under Article III, the power of federal courts to adjudicate a case extends to "actual cases and live controversies," which exist "only if the parties have an interest in the outcome of the litigation." *In re PW, LLC*, 391 B.R. 25, 33 (B.A.P. 9th Cir. 2008). If a court is unable to "grant any effectual relief whatever to a prevailing party, the appeal must be dismissed." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (internal quotations omitted). If the "order appealed involves the distribution of money and the party who received the funds is a party to the appeal, the appeal is not moot because the appellate court has the power to fashion effective relief by ordering the party to return the money." *In re Gould*, 401 B.R. 415, 421 (B.A.P. 9th Cir. 2009).

The Interpleader Order found that the homestead exemption funds were not property of the estate and that the proper distribution of the funds was to be determined in state court. Interpleader Appeal, Dkt. No. 34-43. The bankruptcy court's finding is a legal conclusion about the character of the funds. If the bankruptcy court erred in reaching this conclusion, Debtor's ex-husband (who is an Appellee in the Interpleader Appeal) could be liable to the estate for the funds he has received. *Gould*, 401 B.R. at 421. It is immaterial whether Debtor's ex-husband reinvested the proceeds because a party does not need to be in possession of estate property to be liable for turnover. *See Shapiro v. Henson*, 739 F.3d 1198, 1203–04 (9th Cir. 2014) (holding that present possession of property is not a requirement for the trustee to seek turnover of estate property that was once in a party's possession); *see also In re Newman*, 487 B.R. 193, 201–02 (B.A.P. 9th Cir. 2013) (explaining that a money judgment may be entered against a party who is no longer in possession of estate property). Thus, the Interpleader Appeal is not moot.

On the merits of the appeal, the bankruptcy court did not abuse its discretion in declining to amend the Interpleader Order. Property of the estate consists of "all legal or equitable interests of the debtor as of the commencement of the case." 11 U.S.C. § 541(a). As relevant here, property can cease to be estate property because of an exemption. *In re Alsberg*, 161 B.R. 680, 683 (B.A.P. 9th Cir. 1993). Under 11 U.S.C. § 522, "an individual debtor may exempt from property of the estate" certain property that she takes free and clear of the claims of creditors or other competing claimants. 11 U.S.C. § 522(b); *Alsberg*, 161 B.R. at 683. "[P]roperty cannot be exempted unless it is first property of the estate," but "[o]nce property is exempted, its status as property of the estate is terminated." *In re Heintz*, 198 B.R. 581, 585–86 (B.A.P. 9th Cir. 1996). Debtor listed her property as an asset of the bankruptcy estate. Interpleader Appeal, Dkt. No. 34-32, SER 1796–97. But as the

7

BAP noted in another of Debtor's appeals, "the bankruptcy court correctly observed that the exempt [homestead] proceeds were no longer property of the estate." *In re Richards*, Case No. CC-22-1183, 2023 WL 3750767, at *4 (B.A.P. 9th Cir. June 1, 2023). "Thus, whether [Debtor's ex-husband] was entitled to half of the exempt proceeds would have no impact on administration of estate assets." *Id*. Rather, entitlement to the exempt proceeds depended on the state court divorce judgment. Because entitlement to the proceeds was purely a dispute between Debtor and her ex-husband that was being litigated in state court, the bankruptcy court did not abuse its discretion in authorizing the Trustee to either interplead those funds with the state court or hold them in a segregated account pending an order from the state court as to the proper recipient. Further, the bankruptcy court did not abuse its discretion when it denied the motion to amend the Interpleader Order because there was no basis for disturbing the bankruptcy court's finding that the proper forum for litigating entitlement to the funds was state court.

Appellants' attack on the Interpleader Order is based on their assertion that the bankruptcy court should have granted their competing motion to obtain the half of the exempt funds that the Trustee retained. This position, in turn, relies on their assertions that the state court lacked jurisdiction to determine which party was entitled to the exempt proceeds.[7] *See* Motion to Amend Appeal, Dkt. No. 19, at 32 ("The family law court proceeded without jurisdiction and its orders are void . . ."); *id*. at 33 ("On September 12, 2022, without subject matter jurisdiction, the family law court held a hearing on the homestead claim . . ."); *id*. at 34 ("The family law court's homestead order is without any findings to support its order granting [Debtor's ex-husband] the other ½ of the homestead and its order was not authorized. It was further without due process and subject matter jurisdiction."). Appellants are mistaken, however. The family court had jurisdiction to adjudicate the character of the divorcing couple's marital home for purposes of allocating the exemption proceeds. *See Richards v. Marshack*, Case Nos. CC-21-1262, CC-21-1266, 2022 WL 16754394, at *4 (B.A.P. 9th Cir. Nov. 7, 2022) ("The Court of Appeal has affirmed the dissolution judgment and the community property nature of the Residence."); *Richards v. Richards*, No. G055927, 2020 WL 104357, at *1,

---

[7] Appellants' positions across their various appeals appear to be contradictory. In the Motion to Amend Appeal, they assert that the bankruptcy court lacked jurisdiction over Debtor's house. Yet in the Interpleader Appeal they assert that the bankruptcy court must exercise jurisdiction over non-estate property from the sale of the house.

Cal. App. Unpub. (Cal. Ct. App. Jan. 9, 2020) (affirming trial court's decision to deny Debtor's motion to set aside the divorce judgment).

Appellants do not clearly explain the legal basis for their collateral attack on the state court proceedings. Entitlement to the exempt funds in this case is determined by reference to state family law, and family law issues are typically adjudicated in state court—not in bankruptcy. *See Mac Donald v. Mac Donald (In re Mac Donald)*, 755 F.2d 715, 717 (9th Cir. 1985) (explaining that "bankruptcy courts [should] avoid incursions into family law matters . . ."); *Allen v. Allen*, 275 F.3d 1160, 1163 (9th Cir. 2002) (reiterating this proposition). Once the exempt proceeds were no longer property of the estate, it was the bankruptcy court that lacked jurisdiction to determine their proper distribution. *In re Graziadei*, 32 F.3d 1408, 1410 (9th Cir. 1994) ("We have clearly held that a bankruptcy court has no jurisdiction over homestead property and that such property cannot be administered by the bankruptcy court.") (internal quotations and citation omitted); *id*. (holding that the bankruptcy court lacked jurisdiction to order the bankruptcy trustee to turn over homestead exemption proceeds to a third party).

Thus, the bankruptcy court properly rejected Debtor's motion to obtain the disputed half of the homestead funds and did not abuse its discretion in denying the motion to amend the Interpleader Order.

### C. The Homestead Turnover Appeal

The bankruptcy court made a number of findings that are relevant to the Homestead Turnover Order, including that:

- Debtor and her ex-husband were parties to a state court divorce action;

- The judgment in that divorce action remains valid and Debtor never provided persuasive evidence that the judgment is not a final judgment;

- Debtor's home was sold following turnover and sale proceedings before the bankruptcy court;

- Debtor personally picked up a check from the Trustee's office in the amount of $300,000 that constituted her portion of the homestead proceeds on March 9, 2022, and the check cleared

        the bankruptcy estate's bank account on March 11;

- Debtor had actual knowledge that under California law homestead funds must be reinvested because she sent a text message to the Trustee acknowledging that "the homestead is only exempt for 6 months"; and

- Debtor spent a "substantial amount" of her portion of the exempt funds, and that "Debtor's representations . . . regarding her lack of knowledge about how much was remaining on hand were not credible."

Homestead Turnover Appeal, Dkt. No. 33-76.

      From these facts, the bankruptcy court concluded that Debtor was required to reinvest the $300,000 she received from the Trustee by September 11, 2022, pursuant to California's six-month reinvestment requirement for homestead funds. *Id*. The bankruptcy court found Debtor's position that the reinvestment period does not begin until Debtor received the full homestead amount ($600,000) to be "unsupported by authority and the plain language of the [California] statute[.]" *Id*., SER 3538. The bankruptcy court declined to exercise its equitable authority to toll or otherwise extend the reinvestment period because it found Debtor's litigation conduct—which included repeated frivolous removals of her state family court dispute and a litany of unsuccessful appeals from the bankruptcy court that appeared to be designed to delay the sale of the home—to constitute unclean hands.[8] *Id*., SER 3538–39. Consequently, the bankruptcy court concluded that Debtor's homestead exemption lapsed and that the Trustee was entitled to a turnover order in the amount of $300,000 and a judgment in the same amount to compensate the Trustee for any dissipated estate property.

      Debtor challenges many of the factual findings that the bankruptcy court made when it granted the homestead turnover motion, but she does not identify any

---

[8] Debtor disputes the bankruptcy court's finding of unclean hands but does not appear to challenge the bankruptcy court's decision not to apply equitable principles to extend the reinvestment period. Instead, she claims that "Debtor did not require equitable tolling because her homestead had not lapsed." Motion to Amend Appeal, Dkt. No. 19, at 61). In any event, this Court has no basis on this record to disturb the bankruptcy court's well supported findings.

misstatement of fact, let alone one that would require reversal.  To the contrary, the record is clear that Debtor received $300,000 from the Trustee and failed to timely reinvest those funds in an eligible dwelling.  When the bankruptcy court asked at the motion hearing whether Debtor received homestead proceeds, Debtor acknowledged that she had.  Homestead Turnover Appeal, Dkt. No. 33-83, SER 3866, ("Q.  Did you receive $300,000 from the trustee?  A.  Yes, I did.").  Debtor did not claim that she failed to reinvest the funds she received, but rather contested her obligation to do so:

> Q.  But you never reinvested the $300,000?
>
> A.  Well, I'm owed 600,000, not 300[,000].
>
> Q.  I didn't ask you that.  Did you reinvest the 300,000?
>
> A.  Well, I told you I haven't been able to find anything.
>
> Q.  So that's a no?  You didn't reinvest it?
>
> A.  I have not yet, no.

*Id*., SER 3868–69.  Thus, the bankruptcy court's factual findings requiring turnover of the property are well supported.

On appeal, Debtor also challenges the bankruptcy court's assertion of jurisdiction over the home, the conclusion that Debtor's receipt of half of the total homestead exemption triggered the start of the reinvestment period, and the adequacy of the turnover procedures.  None of these challenges has merit.

Debtor's jurisdictional argument appears to stem in part from her attack on the divorce judgment in state court.  She claims that the home never became property of the bankruptcy estate because the divorce judgment is purportedly void.  This argument has already been presented on appeal to the BAP, which deemed it "factually and legally meritless." *Richards*, 2022 WL 16754394, at *5.  Appellants have not shown that this Court can disregard the BAP's determination at this point.  *But cf. Ingle v. Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005) (explaining that the law of the case doctrine prevents reconsideration of previously decided issues in the course of a single continuing lawsuit); *Wisdom v. Gugino*, 787 F. App'x 390, 392 (9th Cir. 2019) (applying the law of the case doctrine in a bankruptcy proceeding).  Moreover, this Court has already rejected this

jurisdictional challenge, *Richards v. Marshack*, 644 B.R. 544, 550 (C.D. Cal. 2022), and sees no basis to reconsider that ruling.

Debtor also argues that the bankruptcy court lacked jurisdiction over the homestead funds. In California, the right to the proceeds of a homestead exemption is "contingent on [Debtor's] reinvesting the proceeds in a new homestead within six months of receipt." *Jacobson*, 676 F.3d at 1199. The applicable statute states that homestead "proceeds are exempt for a period of six months after the time the proceeds are *actually received*." Cal. Civ. Proc. Code § 704.720(b) (emphasis added). Although homestead proceeds are not estate property while they are exempt, *Heintz*, 198 B.R. at 585, the exemption is conditional and its benefits can be forfeited, *Jacobson*, 676 F.3d at 1199. When a homestead exemption lapses because of a debtor's failure to timely reinvest, the proceeds become property of the estate and subject to the bankruptcy court's jurisdiction. *See In re Golden*, 789 F.2d 698, 699–700 (9th Cir. 1986) (affirming entry of judgment in favor of the bankruptcy trustee after a debtor failed to reinvest homestead exemption funds within six months of receipt as required under California law).

The plain text of state exemption statute also defeats Debtor's argument that the reinvestment period did not commence until she receives the exempt funds awarded to her ex-husband. The six-month period begins when proceeds are "actually received." Cal. Civ. Proc. Code § 704.720(b). Debtor received $300,000 on March 9, 2022, and thus the reinvestment period began to run on that date. The fact that Debtor believes she is entitled to the full homestead exemption of $600,000, contrary to the determination made in state court, is irrelevant in light of the unambiguous language of the statute. *See Jacobson*, 676 F.3d at 1199 (California law "includes a reinvestment requirement for the *debtor's share* of the homestead sale proceeds") (emphasis added). Debtor's assertion that this legal conclusion is contrary to public policy is not a question for this Court to decide. It is up to the California Legislature to make this determination, and that body had its reasons for requiring reinvestment within a specified period. *See In re Golden*, 789 F.2d 698, 700 (9th Cir. 1986) (explaining that the policy behind requiring reinvestment is "to prevent the debtor from squandering the proceeds for nonexempt purposes.").

Finally, Debtor contends that the bankruptcy court committed procedural error in the turnover proceedings by not allowing her to present her argument. The record does not support this contention. The bankruptcy court gave Debtor an adequate opportunity to present her arguments in opposition to the homestead

turnover motion at the motion hearing. Homestead Turnover Appeal, Dkt. No. 33-83, SER 3854–65 (colloquy between the bankruptcy court and Debtor about the status of the exempt funds). *Id*., SER 3865–75. Debtor does not identify any argument that she wished to present to the bankruptcy court but was denied the opportunity to do so. Thus, Debtor has not identified any procedural error that warrants reversal.

The Court therefore affirms the bankruptcy court's Homestead Turnover Order.

## IV. **CONCLUSION**

For the foregoing reasons, the Court AFFIRMS the bankruptcy court's rulings on appeal in Case Nos. 8:22-cv-01951-SB, 8:22-cv-02182-SB, and 8:22-cv-02183-SB.

IT IS SO ORDERED.

Date: September 6, 2023

Stanley Blumenfeld, Jr.
United States District Judge